**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANE L. GRUBER; MARK RUNNELS, | No. 23-35144 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-01591-JR |
| v. | |
| OREGON STATE BAR, a public corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted April 2, 2024
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK,** District Judge.

Diane Gruber and Mark Runnels ("Plaintiffs") sued the Oregon State Bar ("OSB") and its officers (collectively with OSB, "Defendants"), arguing that the requirement that attorneys join OSB infringes their First Amendment right to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

freedom of association. The district court granted summary judgment in favor of Defendants. We dismiss in part and affirm in part.

1. We hold in a concurrently filed opinion that OSB is an arm of the state entitled to sovereign immunity. *Crowe v. Or. State Bar*, No. 23-35193, slip op. (9th Cir. August 28, 2024). In light of *Crowe*, we dismiss the claims against OSB.

2. Gruber has resigned from OSB, so she can no longer pursue prospective relief against the officer Defendants, and we dismiss her remaining claims for that reason. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (en banc) ("[T]o demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must . . . demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983))); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[T]o avoid mootness with respect to a claim for declaratory relief on the ground that the relief sought will address an ongoing policy, the plaintiff must show that the policy 'has adversely affected and continues to affect a present interest.'" (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 125-26 (1974))).

3. Runnels's sole claim is that the requirement that he join OSB violates his freedom of association rights even if OSB engages in only "germane" activities. That claim is clearly foreclosed by precedent. *Gardner v. State Bar of Nev.*, 284

F.3d 1040, 1041-43 (9th Cir. 2002) (holding that a mandatory bar's public relations campaign did not violate a member's right to freedom of association because the campaign was germane to the bar's purposes). We accordingly affirm the district court's grant of summary judgment in favor of the remaining Defendants on his claims.

**DISMISSED in part and AFFIRMED in part.**